**In re Guido ALVAREZ, Debtor.**

**Cecil EDWARDS, Plaintiff,**

v.

**Dr. Guido ALVAREZ, Defendant.**

**Bankruptcy No. 82–01174–BKC–TCB.**
**Adv. No. 82–0967–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 1, 1982.

David Sostchin, Miami, Fla., for debtor/defendant.

Jorge A. Duarte, Coral Gables, Fla., for plaintiff.

Harold Moorefield, Jr., Miami, Fla., trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff opposes the debtor's discharge under 11 U.S.C. § 727(a)(2). The debtor has answered. The matter was tried on November 26. Plaintiff alleges that the debtor:

> "has within one year prior to the filing of his petition concealed his property with the intent to hinder, delay or defraud creditors, to wit: Failure to disclose bank accounts and other property on which the debtor has an interest."

The debtor's second count states no ground for relief under the bankruptcy act.

■ Section 727(a)(2) denies a discharge to a debtor who conceals property of the estate after the date of the filing of the petition. Plaintiff has proved that on February 10, 1981, the debtor opened an interest bearing account in a Hialeah bank in the amount of $200. There have been no transactions in that account since that date, other than the crediting of interest. Neither the existence of this account nor of this asset was disclosed by the debtor in the schedules he filed or in any other way since the filing of his bankruptcy petition. The

account itself was opened more than a year before bankruptcy.

The debtor's excuse and explanation is that he forgot about the existence of this account. The debtor is a physician whose financial affairs have placed him in a plateau where quite conceivably $200 could be overlooked. Through this bankruptcy he seeks discharge of a tort judgment (arising out of an automobile accident) held by plaintiff in the amount of $111,000. I cannot conclude that the debtor had an actual intent to defraud the plaintiff or any other creditor by withholding disclosure of this $200 bank account. Denial of discharge on this complaint requires such a finding. *Collier on Bankruptcy* (15th ed.) ¶ 727.02[3] n. 8.

Plaintiff has proffered additional evidence suggesting that the debtor failed to report fully his recent income. This proffered evidence has been rejected, because it exceeds the scope of the specifically pleaded fraud which was charged in this case and the time to amend a complaint to bar discharge has expired. *Collier on Bankruptcy* (15th ed.) ¶ 727.14[3] n. 11 and [4].

Plaintiff demanded a jury trial in this action. The demand for a jury is denied, because a jury is available to the plaintiff only in a dischargeability proceeding (as distinct from an action opposing discharge) and then only to establish the amount of the plaintiff's claim sought to be excepted from discharge. In this instance, plaintiff does not seek exception from discharge and, if it did, the amount of its claim has already been fixed by judgment and is not disputed here. There is, therefore, no occasion for nor right to a jury in this proceeding.

It follows that plaintiff has failed to carry its burden of proving the alleged basis for denial of discharge. As is required by B.R. 921(a), a separate judgment will be entered dismissing the complaint with prejudice. Costs may be taxed on motion.